# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE MOLINA-CUELLAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-942-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Rene Molina-Cuellar appeals his sentence for illegal reentry after removal. For the first time on appeal, Molina-Cuellar argues that the district court clearly erred in assessing two criminal history points for his conviction of fraudulent use or possession of identifying information and two more points for his conviction of making a false statement on a driver's license application.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40141

According to Molina-Cuellar, the criminal conduct from those convictions was part of the illegal reentry offense.

As Molina-Cuellar acknowledges, we review the unpreserved challenge under the plain error standard. S*ee Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if the district court erred, any such error was not plain. *See United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007) ("An error is 'plain' if it is clear under current law."). We so held in *United States v. Vargas-Garcia*, 434 F.3d 345, 349-50 (5th Cir. 2005), rejecting arguments substantially similar to those advanced by Molina-Cuellar. There, as here, because the state crime "could be seen as embodying just such conduct severable by time, place, and harmed societal interest," the district court did not plainly err by concluding that the criminal conduct was separate from the illegal reentry offense. *See id.* at 350.

AFFIRMED.